17 F.3d 1445
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert A. HALSOR, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3284.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1994.
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals the final decision of the Merit Systems Protection Board (MSPB or Board), Dkt. No. DC315H930185-I-1, denying review of his removal by the Army for lack of jurisdiction.[1] We affirm.
 
 
 2
 Robert Halsor held an excepted appointment under the Veterans Readjustment Act. Beginning on December 9, 1991, he was employed as a maintenance mechanic at Walter Reed Army Hospital. The Army claims that his performance was unsatisfactory; Halsor claims that the Army's discontent was due to a bad relationship between the petitioner and his supervisor. Effective December 4, 1992, Halsor was removed from his job. When he was removed, Halsor had worked for less than one year.
 
 
 3
 Under 38 U.S.C. 4214(b)(1)(e), employees appointed under the Veteran's Readjustment Act receive the same rights to review as employees in the federal excepted service. An employee who has worked for less than one year is a "probationary" employee. By law, the Board has jurisdiction over probationary employees only under very limited circumstances. Title 5, sections 315.804-806 of the Code of Federal Regulations provide the circumstances under which the MSPB can review the removal of probationary employees. If the probationary employee is removed for reasons arising after appointment to the job, then the Board has jurisdiction to review the removal only if the removal was because of the employee's marital status, or because of the employee's political affiliations. 5 C.F.R. 315.806(b). If and only if the removal is based on marital status or partisan politics, then the Board may also hear claims that the removal was based on other motivations.
 
 
 4
 It is uncontested that Halsor was a probationary employee when he was removed. The Army claims that Halsor was removed because of unsatisfactory job performance. Halsor claims that he was removed on account of personality differences with management, and age prejudice on the part of management. In either case, the causes of Halsor's removal arose after he was appointed to his job. In order for the Board to have jurisdiction over a probationary employee like Halsor, who was removed for reasons that arose after his appointment, Halsor had to allege that his removal resulted either from partisan politics or from his marital status. He has done nothing of the kind. Halsor has made no claim that the Board is authorized to hear. The Board correctly denied that it had jurisdiction.
 
 
 
 [1]
 The Board issued an initial decision on February 1, 1993, denying Halsor's petition for review due to lack of jurisdiction. That decision became final on March 8, 1993